# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------x
SAG HARBOR ADVISORS INC. and JAMES SANFORD
                Plaintiff,

   -against-

SMART CITY CAPITAL LLC
                Defendants,
-----------------------------------------------------------------x

Index No. 614828/2020

Plaintiff designates Suffolk County as the place of trial.

The basis of the venue is the place of business of the plaintiff and where the cause of action arose.

**SUMMONS WITH NOTICE**

*Plaintiffs Address:*
107 Stoney Hill Rd
Sag Harbor, NY 11963

**TO THE ABOVE NAMES DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the day of service ( or within thirty [30] days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to answer or appear, judgment will be taken against you by default for the relief demanded in the notice set forth below and in the complaint.

Dated:    East Quogue, New York    **LAW OFFICE OF DAMON A. HAGAN, ESQ**
           October 9, 2020

                                                  DAMON A HAGAN, Esq.
                                                  Attorney for Plaintiffs
                                                  8 Harbor Lane
                                                  East Quogue, NY 11942
                                                  (631) 594-2051 office
                                                  (631) 614-3640 fax
                                                  (619) 818-5307 cell
                                                  DamonAHagan@gmail.com

**NOTICE:**    The nature of this action Breach of Contract, Conversion, and Unjust Enrichment.

The relief sought is: an award of an amount of money to be determined at trial but exceeding the jurisdictional minimums of this court and at least TEN MILLION NINE HUNDRED SEVENTY FIVE THOUSAND DOLLARS ($10,975,000) together with attorneys fees, costs and disbursements associated with this action.

To:    Smart City Capital
        2598 E Sunrise Blvd.
        Suite 210-A
        Fort Lauderdale, FL 33304

SUPREME COURT OF THE STATE OF NEW YORK
SUFFOLK COUNTY
----------------------------------------------------------------X   INDEX No. 614828/2020
SAG HARBOR ADVISORS INC.
and JAMES SANFORD

                                                       VERIFIED COMPLAINT

                         Plaintiff(s)

-against-

SMART CITY CAPITAL LLC
----------------------------------------------------------------X

Plaintiffs, by their attorneys, MAYER, ROSS & HAGAN, P.C., as and for their complaint herein, respectfully set forth and allege as follows, upon information and belief, that:

1.     That PLAINTIFF, SAG HARBOR ADVISORS INC., is a domestic corporation organized and doing business under the laws of the State of New York with offices located at 107 Stoney Hill Road, Sag Harbor, NY 11963 and engaged in the business of business advisory services including but not limited to providing equity firms generating debt and equity capital partners for its clientele.

2.     That PLAINTIFF, JAMES SANFORD, is an individual with offices located at 107 Stoney Hill Road, Sag Harbor, NY 11963.

3.     That DEFENDANT, SMART CITY CAPITAL LLC, is a domestic corporation organized and doing business under the laws of the State of Florida with offices located at 2598 E Sunrise Blvd., Suite 210-A, Fort Lauderdale, FL 33304 and engaged in the business of telecom infrastructure projects.

4.     That DEFENDANT SMART CITY CAPITAL LLC is subject to the long arm jurisdiction of New York pursuant to CPLR 302.

5.     DEFENDANT SMART CITY CAPITAL LLC transacts business within the State of New York and/or contracts to supply goods or services in the State of New York.

6.     DEFENDANT SMART CITY CAPITAL LLC has committed a tortuous act within the state, and that act has caused injury to the PLAINTIFFS within the State of New York.

7.     DEFENDANT SMART CITY CAPITAL LLC regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the State of New York, and/or expects or should reasonably expect the act to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

8.  That on or about December 20, 2019 the PLAINTIFFS and DEFENDANT entered into a written contract wherein the DEFENDANT SMART CITY CAPITAL LLC engaged the PLAINTIFFS to perform business advisory services including but not limited to generating raising debt and equity capital for DEFENDANT SMART CITY CAPITAL LLC's pipeline of telecom infrastructure partners.

9.  In consideration thereof the PLAINTIFF SAG HARBOR ADVISORS was to be compensated in the form of an annual salary and commissions on deals entered into by the DEFENDANT.

10. PLAINTIFF JAMES SANFORD as sole employee of PLAINTIFF SAG HARBOR ADVISORS INC and its principal officer was the entitled beneficiary of the contractual relationship between the two business entities.

11. The PLAINTIFFS performed the services contemplated in the contract.

12. The PLAINTIFFS performed the services from their offices located at 107 Stoney Hill Road, Sag Harbor, NY 11963.

13. The PLAINTIFFS, pursuant to the agreement regularly introduced the various sources of debt and equity capital to the DEFENDANT SMART CITY CAPITAL LLC.

14. Based on the nature of these transactions there is an extended lead time from the dates of initial introductions from capital sources to the fruition of projects.

15. On or about July 23, 2020, seven months into the contractual relationship, DEFENDANT SMART CITY CAPITAL LLC attempted to renegotiate the contract with the PLAINTIFF SAG HARBOR ADVISORS INC adding limiting language and shorter termination periods.

16. This renegotiation was rejected by the PLAINTIFFS.

17. At the time of the proposed shortened termination time frame and limiting language several transactions were and, upon information and belief, are still pending, wherein the PLAINTIFFS would be entitled to commissions based thereon.

18. On September 10, 2020 the DEFENDANT SMART CITY CAPITAL LLC served a termination letter on the PLAINTIFFS.

19. The salacious letter was riddled with slanderous statements, misstatements of facts, and patent falsehoods.

20. From the date of the September 10, 2020 termination letter all payments to the PLAINTIFFS obligated under the December 20, 2019 have ceased.

21. No commissions have been paid as obligated by the December 20, 2019 agreement.

22. Upon information and belief, several transactions have been completed and or are pending in which the PLAINTIFFS would be entitled to commissions pursuant to the December 20, 2019 agreement.

23. Repeated emails and demands for payment by the PLAINTIFFS to the DEFENDANT were ignored and left unanswered.

24. Despite repeated demands by the PLAINTIFFS for compensation, the DEFENDANT SMART CITY CAPITAL LLC continues to utilize the efforts and work product of the PLAINTIFFS for the DEFENDANT SMART CITY CAPITAL LLC's commercial gain.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFFS
### (BREACH OF CONTRACT)

25. PLAINTIFFS repeat and re-allege the allegations of paragraphs 1 through 24 with the same force and effect as if fully set forth at length herein.

26. The PLAINTIFFS and DEFENDANT entered into a contract/agreement whereby at the specific request and insistence of the DEFENDANT, the PLAINTIFFS furnished work, labor and services including but not limited to the providing of private equity firms for investment in projects (collectively, "services") for the DEFENDANT.

27. PLAINTIFFS performed and completed all their obligations under the December 20, 2019 agreement/contract between the PLAINTIFFS and the DEFENDANT.

28. The DEFENDANT received the benefit of the PLAINTIFFS' services.

29. PLAINTIIFS have demanded payment for the services rendered pursuant to the December 20, 2019 contract.

30. The DEFENDANT has not compensated the PLATIFFS for the services.

31. By virtue of the foregoing, DEFENDANT'S failure to compensate the PLAINTIFFS for the work performed by the PLAINTIFFS pursuant to the contract has damaged the PLAINTIFFS in an amount to be determined at trial but above the jurisdictional minimums of this Court but at least TEN MILLION NINE HUNDRED SEVENTY FIVE THOUSAND DOLLARS ($10,975,000).

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
### (QUANTUM MERUIT)

32. PLAINTIFFS repeat and re-allege the allegations of paragraphs 1 through 31 with the same force and effect as if fully set forth at length herein.

33. PLAINTIFFS performed valuable services to DEFENDANT, providing equity firms generating debt and equity capital.

34. DEFENDANT accepted the services and utilized the private equity sources and firms provided by the PLAINTIFFS.

35. DEFENDANT directly benefited as a result of PLAITIFFS' efforts.

36. DEFENDANT knew that the PLAINTIFFS expected payment for comparable work and services performed.

37. The DEFENDANT knew and had repeated notice that it was to compensate the PLAINTIFFS for the work and services performed.

38. The DEFENDANT has continued to utilize the work and services of the PLAINTIFFS without compensation to the PLAINTIFFS.

39. Accordingly, PLAINTIFFS have suffered damages and DEFENDANT should be required to pay PLAINTIFFS for the value of the work paid for agreed upon.

40. As such the PLAINTIFFS has been damaged by the DEFENDANT in an amount to be determined at trial but above the jurisdictional minimums of this Court but at least TEN MILLION NINE HUNDRED SEVENTY FIVE THOUSAND DOLLARS ($10,975,000).

## AS AND FOR A THIRD CAUSE OF ACTION
### (UNJUST ENRICHMENT)

41. PLAINTIFFS repeat and re-allege the allegations of paragraphs 1 through 40 with the same force and effect as if fully set forth at length herein.

42. DEFENDANT, receiver of the PLAINTIFFS performed services, received the benefit of PLAINTIFFS' labor and efforts without providing the agreed upon payment.

43. Defendant accepted the services of PLAINTIFFS.

44. DEFENDANT is in possession of the fruits of the PLAINTIFFS' labor and service.

45. DEFENDANT has not provided the compensation for the work contemplated.

46. The DEFENDANT has been enriched by the use of the fruits of the PLAINTIFFS' labor and services for commercial gain without compensation to the PLAINTIFFS.

47. As a result of the foregoing, Defendant has been unjustly enriched.

48. As such the PLAINTIFFS has been damaged by the DEFENDANT in an amount to be determined at trial but above the jurisdictional minimums of this Court but at least TEN MILLION NINE HUNDRED SEVENTY FIVE THOUSAND DOLLARS ($10,975,000).

**WHEREFORE**, PLAINTIFFS demands judgment against DEFENDANT, jointly and severally, as follows:

AS FOR THE FIRST CAUSE OF ACTION, an award of an amount of money to be determined at trial but exceeding the jurisdictional minimums of this court and at least TEN MILLION NINE HUNDRED SEVENTY FIVE THOUSAND DOLLARS ($10,975,000);

AND AS FOR THE SECOND CAUSE OF ACTION, an award of an amount of money to be determined at trial but exceeding the jurisdictional minimums of this court and at least TEN MILLION NINE HUNDRED SEVENTY FIVE THOUSAND DOLLARS ($10,975,000);

AND AS FOR THE THIRD CAUSE OF ACTION, an award of an amount of money to be determined at trial but exceeding the jurisdictional minimums of this court and at least TEN MILLION NINE HUNDRED SEVENTY FIVE THOUSAND DOLLARS ($10,975,000);

Together with attorneys fees, costs and disbursements of this action, and other relief as the Court deems proper.

Dated: East Quogue, New York **LAW OFFICE OF DAMON A. HAGAN, ESQ**
October 9, 2020

DAMON A HAGAN, Esq.
Attorney for Plaintiffs
8 Harbor Lane
East Quogue, NY 11942
(631) 594-2051 office
(631) 614-3640 fax
(619) 818-5307 cell
DamonAHagan@gmail.com

To: Smart City Capital
2598 E Sunrise Blvd.
Suite 210-A
Fort Lauderdale, FL 33304

## CORPORATE VERIFICATION

State of New York)
County of Suffolk)

JAMES SANFORD, as President and authorized agent of the SAG HARBOR ADVISORS INC. being duly sworn, deposes and says: deponent is the Plaintiff in the within action; deponent has read the foregoing VERIFIED COMPLAINT and deponent knows the contents thereof; the same is true to deponent's own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

The grounds of deponent's belief as to all matters not stated upon deponent's own knowledge are as follows: documents, records, conversations and other pertinent information.

Dates: Oct. 9, 2020

SAG HARBOR ADVISORS INC.
By: James Sanford, President

Sworn to before me this
9 day of Oct, 2020

NOTARY PUBLIC

Notary Public - Damon Hagan
No. 02HA9106602
Qualified in Suffolk County, NY
Commission Expires 11/14/21

## INDIVIDUAL VERIFICATION

State of New York)
County of Suffolk)

JAMES SANFORD being duly sworn, deposes and says: deponent is the Plaintiff in the within action; deponent has read the foregoing VERIFIED COMPLAINT and deponent knows the contents thereof; the same is true to deponent's own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

The grounds of deponent's belief as to all matters not stated upon deponent's own knowledge are as follows: documents, records, conversations and other pertinent information.

Dated: OCT 9, 2020

*/s/ JAMES SANFORD*

Sworn to before me this
9 day of Oct, 2020

*/s/ NOTARY PUBLIC*

Notary Public - Damon Hagan
No. 02HA9106962
Qualified in Suffolk County
Commission Expires 1/14/21

| Index No. | Year 2020 | RJI No. | Hon. |
|---|---|---|---|

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

SAG HARBOR ADVISORS INC. and JAMES SANFORD,

                                        PLAINTIFFS,

            -against-

SMART CITY CAPITAL LLC

                                        DEFENDANT.

## SUMMONS WITH NOTICE AND VERIFIED COMPLAINT

### LAW OFFICE OF DAMON A. HAGAN, ESQ.
*Attorney for* Plaintiffs

*Office and Post Office Address, Telephone*
8 Harbor Lane
East Quogue, New York 11942
(631) 594-2051 office
(631) 614-3640 fax
(619) 818-5307 cell
DamonAHagan@gmail.com

To

Signature (Rule 130-1.1-a)

Print name beneath

Attorney for                                         Damon A. Hagan, Esq.

Service of a copy of the within                 is hereby admitted.

Dated,

                                        Attorney(s) for

Please take notice

☐  NOTICE OF ENTRY

That the within is a (*certified*) true copy of a
Duly entered in the office of the clerk of the within named court on

☐  NOTICE OF SETTLEMENT

That an order                                of which the within is a true copy will be presented for settlement
to the HON.                                     one of the judges of the within named court,
at
on                               at                     M
Dated,                                         Yours, etc.
                                        **DAMON A HAGAN, ESQ.**
                              *Attorney for*     Plaintiffs

To

                                        *Office and Post Office Address*
                                        8 Harbor Lane
Attorney(s) for                              East Quogue, New York 11942